FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 14 2018 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------

MUHARREM BALKANLI,

                       Plaintiff,

      v.

MARGO K. BRODIE; AMY BELSHER;
THE UNITED STATES OF AMERICA,

                       Defendants.

**MEMORANDUM & ORDER**
18-CV-4178 (AMD)(LB)

-----------------------------------------------------------

**ANN M. DONNELLY**, United States District Judge:

On July 20, 2018, the *pro se* plaintiff Muharrem Balkanli,[1] commenced this action against the United States of America, the Honorable Margo K. Brodie of the United States District Court, Eastern District of New York, and, Amy Belsher, one of her law clerks, alleging that Judge Brodie violated his constitutional rights when she ruled against him. This is the twentieth action that the plaintiff has filed in this Court and the second time that he has sued Judge Brodie and the United States. *See Balkanli v. United States*, 18-CV-3981 (AMD) (dismissed July 23, 2018). For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the plaintiff is warned against future frivolous filings.

## BACKGROUND

The plaintiff alleges that Judge Brodie, her clerk, and this Court have violated his rights by ruling against him in *Balkanli v. City of New York*, 18-CV-2929 (MKB). (ECF No. 1 at 7.) Specifically, the plaintiff objects to Judge Brodie's June 25, 2018 Order, in which she denied his motions for recusal and to vacate the Court's order, as well as granted him thirty days to file an

---

[1] The plaintiff's request to proceed *in forma pauperis* (ECF No. 2) is granted solely for the purpose of this Order.

amended complaint. (ECF No. 1 at 7.) The plaintiff seeks that the defendants "restore [his] property rights." (*Id.* at 6.)

## STANDARD OF REVIEW

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Pro se complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action is frivolous as a matter of law when the claim is based on an "indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Although the plaintiff does not allege a basis for the exercise of the Court's jurisdiction, I construe the complaint to raise claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) since he alleges the violation of his constitutional right by the United States,

a federal judge, and a law clerk to a federal judge. Judges have absolute immunity from suits for damages arising out of judicial acts performed in their judicial capacities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action [she] took was in error . . . or was in excess of [her] authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the judge is alleged to have taken "nonjudicial actions, *i.e.* actions not taken in the judge's judicial capacity," or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11–12.

The plaintiff appears to be suing Judge Brodie in connection with her decision in *Balkanli v. City of New York*. Judge Brodie's decision is clearly a judicial function for which absolute immunity applies. *See, e.g., Babaev v. Farinella*, No. 17-CV-873, 2017 WL 2256643, at *2 (E.D.N.Y. May 22, 2017) (judicial immunity doctrine barred claims brought against the judge); *Xiu Jian Sun v. Pollak*, No. 17-CV-1570, 2017 WL 5515850, at *2 (E.D.N.Y. Apr. 10, 2017) (same); *Johnson v. Raggi*, No. 16-CV-2765, 2016 WL 3647865, at *1–2 (E.D.N.Y. July 1, 2016) (same). Judicial immunity is from suit, not just a suit for damages. *Mireles*, 502 U.S. at 11 ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.").

Ms. Belsher, Judge Brodie's law clerk, is also protected by judicial immunity. Judicial immunity covers law clerks with respect to discretionary acts that implement judicial decisions or that are performed at the discretion or under the supervision of a judge. *Olivia v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) ("[F]or purposes of absolute judicial immunity, judges and their law clerks are as one" because "law clerks are simply extensions of the judges at whose pleasure they

3

serve.") (internal citation and quotation marks omitted)); *McKnight v. Middleton,* 699 F. Supp. 2d 507, 525 (E.D.N.Y. 2010) (A law clerk's acts implementing judicial decisions or performed under the supervision of a judicial officer are covered by judicial immunity.), *aff'd,* 434 F. App'x 32 (2d Cir. 2011); *see Gollomp v. Spitzer,* 568 F.3d 355, 365 (2d Cir. 2009) (extending immunity to state court judge's law secretary). Therefore, Ms. Belsher, named solely by virtue of her acts as Judge Brodie's law clerk, is immune from this action.

To the extent that the plaintiff seeks to sue the United States, his claim is barred by the doctrine of sovereign immunity. *See U.S. v. Mitchell,* 445 U.S. 535, 538 (1980) ("It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." (internal quotation marks and alterations omitted)); *accord Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). Because the doctrine of sovereign immunity is jurisdictional, the burden is on the plaintiff to establish that his claim falls within an applicable waiver. *Makarova,* 201 F.3d at 113. The plaintiff has not alleged any facts to show that waiver is applicable.

## FILING INJUNCTION WARNING

The plaintiff has filed eight *in forma pauperis* actions in 2018; within the span of two weeks, the plaintiff filed two actions against Judge Brodie and the United States in this Court. On July 23, 2018, I dismissed the plaintiff's July 9, 2018 complaint against Judge Brodie on the bases of sovereign and judicial immunity and warned the plaintiff that the filing of future frivolous actions may result in the imposition of a filing injunction against him. *Balkanli v. United States,* 18-CV-3981 (ECF No. 4). Since the plaintiff had not yet received the July 23,

4

2018 warning when he filed this action on July 20, 2018 (*see* ECF No. 1), I repeat my warning that the Court will not tolerate frivolous litigation.[2]

If the plaintiff persists in filing frivolous or vexatious actions, the Court may enter an Order barring the acceptance of any future *in forma pauperis* complaint for filing unless the plaintiff first obtains leave of the Court to do so. 28 U.S.C. § 1651; *see Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 (2d Cir. 2005); *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (A district court has the authority to issue a filing injunction when "a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." (internal quotations and citations omitted)); *In re Martin-Trigona*, 9 F.3d 226, 227–29 (2d Cir. 1993).

## CONCLUSION

Accordingly, the plaintiff's complaint, filed *in forma pauperis,* is dismissed. 28 U.S.C. § 1915(e)(2)(B). The plaintiff is warned against the filing of future frivolous *in forma pauperis* actions. The Clerk of Court is directed to enter judgment dismissing the action. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

---

[2] On July 26, 2018, the plaintiff received his second warning against frivolous litigation. *See Balkanli v. Public Storage*, 18-CV-2919 (MKB) (ECF No. 14).

**SO ORDERED.**

                                            s/Ann M. Donnelly
                                            _____
                                            Ann M. Donnelly
                                            United States District Judge

Dated: August 13, 2018
       Brooklyn, New York